In the Matter of Alexander J. Biellak, Appellant, v Zoning Board of Appeals of the Town of Perinton et al., Respondents.

Fourth Department, July 10, 1980

APPEARANCES OF COUNSEL

*Streppa, Osgood, Cleary, Persons & Gaenzle (Alan R. Persons* of counsel), for appellant.

*Anthony P. La Fay* for respondents.

OPINION OF THE COURT

HANCOCK, JR., J. P.

Petitioner Biellak appeals from a judgment dismissing his CPLR article 78 proceeding brought to annul the action of the Town of Perinton Zoning Board of Appeals in granting an area variance of the 50-foot front yard set-back requirement to respondent Koenig, Mr. Biellak's next door neighbor.

The pivotal question is whether the board's determination that the "applicant is * * * suffering from practical difficulties" which would support an area variance "has a rational basis and is supported by substantial evidence in the record" *(Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). Special Term found a rational basis and substantial evidence to support the finding. We do not. Our conclusion makes it unnecessary to consider Mr. Biellak's further contention that there is no basis for the board's findings that the grant of the variance would not change the character of the neighborhood or adversely affect surrounding property.

The Koenig and Biellak properties are single-family dwellings located in a suburban residential area outside of Rochester in the Town of Perinton, Monroe County, where, petitioner asserts, the homes range in value from $60,000 to $90,000. The Koenigs live at number 34 Nettlecreek Road and the Biellaks live next door to the south at number 32. Both houses comply with the 50-foot set-back requirement as do all of the houses on the street and in the residential neighborhood. As a result of the variance Mr. Koenig would be permitted to construct an addition on the front of his house of approximately 320 square feet, placing the structure 40 feet from Nettlecreek Road at its closest point instead of 54.5 as it is now situated.

The improvements contemplated by Mr. Koenig comprise the enlargement of the kitchen and the addition of space including a library and music area and a basement area under the proposed construction. As his reasons for the improvement Mr. Koenig stated to the board that "he has a growing family

and needs additional storage space * * * [and] additional recreational space as well as a larger kitchen"; that he needs "more space in the springtime because [due to an allergic condition] his wife is not able to go outside"; and that "the kitchen was the largest concern [because it] is in the front of the home with the livingroom and dining room area off to the back."[1]

Despite his general reference to the need of his growing family for more space, Mr. Koenig offered no proof of any increase in the size of the household and it appears that there has been none for several years.[2] As bearing on "financial hardship" (see *Matter of National Merritt v Weist,* 41 NY2d 438, 442; *Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 315, *supra),* Mr. Koenig presented evidence showing that the front wall of the house where the proposed improvement was planned was severely damaged and in need of repair and that constructing the addition in front of the house instead of in back would obviate the separate expenditure that would otherwise be necessary for the wall repair. Moreover, although concededly the alteration of the kitchen and construction of the additional space could be accomplished by enlarging the building to the rear, he produced testimony to the effect that making the improvements in this fashion would entail structural difficulties and greater expense.

On analysis of the record in the light of *Matter of Fuhst v Foley* (45 NY2d 441) we must conclude that the proof before the board could not support a finding that " 'strict compliance with the zoning ordinance will result in practical difficulties' "

---

1. The zoning board of appeals granted the variance for the second time on April 16, 1979 after its first grant of December 18, 1978 was annulled and the case remitted by Special Term for further proof and findings. The minutes of the board meeting of November 20, 1978, prior to the first grant, show that Mr. Koenig stated that he and his family "considered building elsewhere * * * [but] decided that it was more desirable to stay where they are located and make their home more suitable for their needs." He explained that the desirability of the addition to the front, for which the variance is requested, "is the result of reduction of a financial burden of making a change to their home". He noted that building an addition to the front of the building would obviate the estimated $3,100 expense of repairing damage to the brick front of the home. The Koenigs "would like to save this expense and at the same time put an addition on the home". Mr. Koenig added that a basement would be built under the proposed addition and noted that "the current home is limited as far as storage area."

2. Mr. Biellak asserts in the petition that "[t]he statement of Mr. Koenig that he has a growing family is misleading and illusory; in fact the number of people in his family living in the house has not changed in several years." Mr. Koenig does not dispute this allegation.

(*Matter of Fuhst v Foley, supra,* p 445, quoting *Conley v Town of Brookhaven Zoning Bd. of Appeals, supra,* p 314). In *Fuhst (supra),* the applicant requested a variance to reduce the front yard set back from 25 to 21 feet to accommodate a front entrance enclosure which he hoped would eliminate drafts and reduce the incidence of his children's respiratory infections. In sustaining the denial of the variance on the ground that the application did not present "practical difficulties" which would warrant a variance, the court restated the rule that "in general, petitioner must show that as a practical matter he cannot utilize his property or a structure located thereon 'without coming into conflict with certain of the restrictions of the [zoning] ordinance'" (*Matter of Fuhst v Foley, supra,* p 445). The court further noted that "[i]n the vast majority of cases concerning area variances, the courts of this State have been confronted by situations in which the unique characteristics of the land itself are such that literal application of the zoning ordinance hinders practical utilization of the property" (*Matter of Fuhst v Foley, supra,* p 445). Petitioner Fuhst did not contend that the denial of his request would leave him with a property or structure that could not be used without conflicting with the zoning ordinance. On the contrary, his reason for enclosing the entrance, the court observed, was to alleviate a family health problem—"a purely personal objective, only tenuously related to petitioner's use of his property as a one-family residence" (*Matter of Fuhst v Foley, supra,* p 446). In affirming the denial of the *Fuhst* application the court cautioned that only "in rare circumstances * * * may problems of a personal nature possibly constitute 'practical difficulties' to the landowner, therefore justifying the issuance of an area variance" (*Matter of Fuhst v Foley, supra,* p 446).

Here, Mr. Koenig, like the petitioner in *Fuhst (supra),* does not and indeed cannot contend that denial of the variance will "hinder * * * practical utilization of his property". Concededly the Koenig family has been living in the property in its present state for several years. Nor has Mr. Koenig shown that whatever problems he may experience due to application of the zoning ordinance are related to the "unique characteristics of the land itself". Instead, the record demonstrates conclusively that Koenig's application, rather than being made necessary by his inability to use the property as a single-family dwelling, is prompted by a desire to improve and

enlarge the property to enhance his family's enjoyment thereof—a "purely personal objective" like that of the petitioner in *Fuhst (supra)*, the frustration of which cannot constitute "practical difficulties."

We do not agree with the board's finding that the applicant is suffering from practical difficulties in that the need to repair damage to the facade of the home and the structural difficulties presented by the layout of the interior render enlargement of the home in conformance with zoning restrictions prohibitively expensive. While "financial hardship" is a factor to be considered (see *Matter of National Merritt v Weist*, 41 NY2d 438, 442, *supra; Conley v Town of Brookhaven Zoning Bd. of Appeals*, 40 NY2d 309, 315, *supra)*, proof that the desired improvement could be more easily and cheaply constructed if the variance were granted does not change the nature of the improvement from one that is merely desirable for the greater enjoyment of the property to one that is necessary for its continued practical utilization.

For the foregoing reasons the judgment should be reversed and the petition granted.

CALLAHAN, J. (dissenting). I respectfully dissent and vote to affirm. This is a close factual situation best resolved at the local level. There is a rational basis for the board's decision in the record and we should not be substituting our judgment for theirs. Therefore, I would affirm for the reasons stated at Special Term.

SCHNEPP, DOERR and WITMER, JJ., concur with HANCOCK, JR., J. P.; CALLAHAN, J., dissents and votes to affirm in an opinion.

Judgment reversed, with costs and petition granted.