■ In the Matter of MARY KALLAS, Respondent, v BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Appellants, and BROOKLYN HEIGHTS ASSOCIATION, INC., Intervenors-Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Estimate of the City of New York which set aside a determination of the Board of Standards and Appeals granting petitioner, Mary Kallas, a variance, the appeals are from so much of a judgment of the Supreme Court, Kings County (Composto, J.), dated March 17, 1982, as granted the application and reinstated the determination of the Board of Standards and Appeals. Judgment reversed, insofar as appealed from, on the law, without costs or disbursements, determination of the Board of Estimate reinstated, and petition dismissed on the merits. On the record developed before the Board of Standards and Appeals the Board of Estimate properly concluded that there was a lack of substantial evidence before the Board of Standards and Appeals demonstrating the petitioner's compliance with the requirements set forth in section 72.21 of the Zoning Resolution of the City of New York (see *Matter of Galin v Board of Estimate of City of N. Y.,* 52 NY2d 869, 873 [Meyer, J., dissenting]; *Matter of Ammirati v Board of Estimate of City of N. Y.,* 72 AD2d 812). Petitioner seeks to build a 12-foot rear extension to her building at 20 Schermerhorn Street in Brooklyn Heights. She has, however, failed to demonstrate that there is a unique physical condition peculiar to and inherent in the particular zoning lot which causes practical difficulties in complying strictly with the bulk provisions of the resolution (Zoning Resolution of City of New York, § 72.21, subd [a]; *Matter of Galin v Board of Estimate of City of N. Y., supra*). Whether or not petitioner's lot is unique so as to permit the granting to her of a variance requires a comparison between the entire district and the similarly situated land (*Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963, 965). Undisputed evidence in the record reveals that petitioner's lot, although shallower than the rear adjoining lots on State Street, is not unusually shallow for the area. Indeed there was evidence in the record indicating that there are many lot sizes in the Brooklyn Heights section smaller than petitioner's lot. Before a variance may be granted the hardship condition caused by an allegedly unique aspect of a parcel of property cannot be "so generally applicable throughout the district as to require the conclusion that if all parcels similarly situated are granted variances the zoning of the district would be materially changed" (*Matter of Douglaston Civic Assn. v Klein, supra,* p 965). The Board of Estimate, thus, properly concluded that the fact "[t]hat the subject lot is not as deep as some of the lots in the area, does not itself support a finding of uniqueness" and Special Term erred in annulling the Board of Estimate's determination. We need not reach the other

findings of the Board of Standards and Appeals as to the other requirements set forth in the zoning resolution since a reversal is warranted on this basis alone (Zoning Resolution of City of New York, § 72.21). Titone, J. P., Gulotta, O'Connor and Niehoff, JJ., concur.