◾ In the Matter of TERRA HOMES, INC., Respondent, v HENRY W. ROSE et al., Appellants. (Proceeding No. 1.) In the Matter of TERRA HOMES, INC., Respondent, v HENRY W. ROSE et al., Appellants. (Proceeding No. 2.)—In two proceedings pursuant to CPLR article 78 to review determinations of the Board of Zoning Appeals of the Town of Hempstead (hereinafter the board), dated April 9, 1985 and April 10, 1985, respectively, which denied the petitioner's applications for depth-of-lot variances to construct a number of residential homes on property owned by it in Levittown, New York, the appeals are from two judgments of the Supreme Court, Nassau County (Wager, J.), both entered June 10, 1986, which granted the petitions, annulled the board's determinations, and directed the board to grant the variances requested by the petitioner subject to reasonable conditions.

Ordered that the judgments are reversed, on the law, with costs, the determinations are confirmed and the proceedings are dismissed on the merits.

The board's determinations denying the petitioner's variance applications had a rational basis, and, thus, should not have been overturned (see, Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Cowan v Kern, 41 NY2d 591, 599, rearg denied 42 NY2d 910; Matter of Newman v Zoning Bd. of Appeals, 121 AD2d 543, lv denied 68 NY2d 610). The evidence presented supported the conclusion that the petitioner would not suffer any " 'practical difficulties' " or significant economic injury as a result of the strict enforcement of the depth-of-lot requirements of the town's zoning ordinance (Matter of Fuhst v Foley, supra, at 445; see, Matter of Bauer v Zoning Bd. of Appeals, 121 AD2d 627, 628). To the contrary, the record undisputably indicates that the petitioner could make a substantial profit from developing the subject parcels even without the requested variances.

Moreover, the record supports the conclusion that the public benefit to be gained by strict enforcement of the subject zoning restriction outweighs any private detriment which might thereby be suffered by the petitioner *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108). The cumulative effect of granting the requested variances would be to create a development which would reduce open space, adversely affect the surrounding lots which are in strict conformity with the zoning ordinance's 100-foot minimum depth-of-lot requirement *(see,* Building Zone Ordinance of Town of Hempstead § 193 [c]), and otherwise conflict with the general purposes of the Levittown Planned Residence District *(see,* Building Zone Ordinance of Town of Hempstead § 171). Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.