■ In the Matter of TERRA HOMES, INC., Appellant, v TOWN OF HEMPSTEAD, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the Town of Hempstead to perform any acts required to complete the processing of the map of Ciper Homes at Levittown, New York, and to forward any necessary papers and documentation relating to said map to the Nassau County Planning Commission, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.), entered March 4, 1987, which dismissed the proceeding on the merits.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the town is hereby directed to perform any acts required to complete the processing of the map of Ciper Homes at Levittown, New York, and to forward any necessary papers and documentation relating to said map to the Nassau County Planning Commission for final approval.

Under the circumstances of this case, we conclude that the town's decision to withhold the release of the map of Ciper Homes at Levittown, New York, involving the petitioner's proposed residential development, pending the outcome of litigation between the parties for area variances relating to the petitioner's adjacent parcels of real property *(see, Matter of Terra Homes v Rose,* 133 AD2d 764) was arbitrary, capricious and did not constitute a valid exercise of administrative discretion. The outcome of that litigation will not materially impact upon the instant subdivision map approval since the variances for these parcels have already been granted and are no longer subject to review on appeal. The petitioner has satisfied each of the three conditions outlined by the Nassau County Planning Commission in its tentative approval of the Ciper Homes subdivision map which included the issuance of a certificate of necessity by the New York State Department of Transportation as well as the issuance of an area variance. It is also significant to note that the New York State Department of Transportation refused to revoke the certificate of necessity in response to the town's request, and the Board of Zoning Appeals of the Town of Hempstead, to date, has not complied with the town's request to reconsider the petitioner's area variance. In view of the town's failure to advance adequate reasons for its delay in processing the map for final

approval by the Nassau County Planning Commission, the petition is granted. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.