■ In the Matter of MARILYN FAHAM, Appellant, v MIRIAM L. BOCKMAN, as Acting Chairperson of the Board of Standards and Appeals of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Standards and Appeals of the City of New York, dated May 19, 1987, which denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Kings County (Duberstein, J.), dated December 15, 1987, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner resides with her husband and two children in a two-story, one-family dwelling located at 2103 East Second Street in Brooklyn, New York, which was purchased on September 20, 1984. The parcel of land is on a lot which is 31 feet by 100 feet, and which is encumbered by a four-foot easement to allow ingress and egress from the property immediately north of the subject premises. When the house was built it complied with the zoning regulations but, when the zoning classification was changed in 1961, the dwelling became a legal nonconforming structure.

The petitioner applied to the New York City Department of Buildings (hereinafter DOB), seeking to augment the structure with a two-story addition to the rear area and a picture window in the front and to construct a walkway along one side of the home. On January 29, 1986, the DOB granted the permit for the alterations. The work commenced, but the permit was revoked when the DOB found that the architect's plans had incorrectly described the property as zoned R-5, rather than the actual and more restrictive R 3-1 classification.

The petitioner did not seek review of this determination, but, rather, applied for an area variance. The area was then examined by Acting Chair Miriam L. Bockman and Commissioner Arno Tamm of the Board of Standards and Appeals of the City of New York (hereinafter BSA) and public hearings

were held on January 13, February 24, March 3, April 28, and May 19, 1987. At the May 19, 1987 hearing the BSA voted to deny the application, stating that, based on the record before it, it was unable to make the necessary findings under New York City Zoning Resolution § 72-21 (a) and (b).

Pursuant to New York City Zoning Resolution § 72-21, the BSA, before granting a variance, is required to make findings:

"(a) That there are *unique physical conditions, including* irregularity, *narrowness* or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to and inherent in the particular *zoning lot* [emphasis in original]; and that, as a result of such unique physical conditions, *practical difficulties or unnecessary hardship* arise in complying strictly with the *use* or *bulk* [emphasis in original] provisions of the resolution; and that the alleged practical difficulties or unnecessary hardship are not due to circumstances created generally by the strict application of such provisions in the neighborhood or district in which the *zoning lot* [emphasis in original] is located.

"(b) That because of such physical conditions, there is no reasonable possibility that the *development* [emphasis in original] of the *zoning lot* [emphasis in original] in strict conformity with the provisions of this resolution will bring a *reasonable return,* and the grant of a variance is therefor necessary to enable the owner to *realize a reasonable return* from such *zoning lot* [emphasis in original]" (emphasis supplied).

The petitioner then instituted the instant proceeding. In the judgment appealed from, the Supreme Court dismissed the proceeding on the ground that the BSA properly determined that it could not make the findings required by New York City Zoning Resolution § 72-21 (a) and (b).

It is well established that when reviewing the determination of a zoning board which has denied a variance, the decision of the board may not be set aside in the absence of illegality, arbitrariness or an abuse of discretion. Zoning boards are vested with great discretion, and the court's function is limited *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598; *Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, *rearg denied* 34 NY2d 668; *Matter of Graziano v Scalafani,* 143 AD2d 664). In the instant case the record reflects that the BSA did not act illegally or arbitrarily, nor did it abuse its discretion.

The mere fact that the subject property is narrow is insufficient to establish uniqueness under New York City Zoning

Resolution § 72-21 (a) *(see, Matter of Kassa v Board of Estimate,* 90 AD2d 774, *affd* 58 NY2d 1030). Virtually all of the adjoining properties are undersized. The lots adjacent to the subject premises to the north and south are 31 feet wide, and the majority of the surrounding parcels are less than 31 feet wide. Further, the petitioner failed to demonstrate that she and her family were denied the practical use of the house which she purchased only 15 months before seeking to enlarge it. She made unsubstantiated assertions that the kitchen, closets and bedrooms are functionally inadequate, but offered no evidence to prove these assertions. Accordingly, the BSA had no reasons or factual basis upon which to make such findings as would authorize the grant of a variance under New York City Zoning Resolution § 72-21.

It is well established that the applicant for an area variance has the burden of establishing that strict compliance with the zoning resolution will cause "practical difficulties" *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Matter of Cowan v Kern,* 41 NY2d 591, *rearg denied* 42 NY2d 910; *Matter of Hoffman v Harris,* 17 NY2d 138; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139-140, *affd* 67 NY2d 702). In the instant case, each of the children has a bedroom and the master bedroom is shared by the petitioner and her husband. The petitioner's desire to enlarge her kitchen and provide additional closet space and an additional bedroom and bath, as well as a gymnasium in the cellar, is insufficient to meet the "practical difficulties" requirement.

New York City Zoning Resolution § 72-21 (b) speaks of a "reasonable return" on the property. The petitioner concedes that she failed to offer any evidence as to how the denial of her application diminished the value of her property. Therefore, the BSA properly concluded that it was unable to make a finding that her application met the requirements of New York City Zoning Resolution § 72-21 (b) *(see, Matter of Crossroads Recreation v Broz,* 4 NY2d 39; *Matter of Commco, Inc. v Amelkin,* 109 AD2d 794).

Addressing the petitioner's argument that the BSA was improperly constituted and chaired, we note that New York City Charter § 661 (b) specifically provides that the Mayor shall "designate *one* of the [six] members to serve as vice-chairman who shall act as chairman in the absence of the chairman or in the event that a vacancy exists in the office of chairman" (emphasis supplied). Although this provision requires that 5 of the 6 members of the BSA be licensed professionals with a minimum of 10 years' experience as an

architect, planner, or engineer, it permits one layperson to sit on the BSA. The New York City Charter requires that the appointed Chair be one of the professionals, but there is no provision which states that the Vice Chair be one of the professionals. As noted in *Patrolmen's Benevolent Assn. v City of New York* (41 NY2d 205, 208): "It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature * * * and where the statutory language is clear and unambiguous, the court should construe it to give effect to the plain meaning of the words used". In this case, the New York City Charter clearly permits any member of the BSA to serve as Vice Chair. The Vice Chair may act in the event of the absence of the Chair or a vacancy in the office of Chair. Therefore, it was proper for Miriam L. Bockman to serve as Acting Chair during the vacancy in that office.

We have examined the petitioner's remaining contentions and find them to be without merit. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.