■ In the Matter of VINCENT COLONNA, Appellant, v BOARD OF STANDARDS AND APPEALS OF THE CITY OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Standards and Appeals of the City of New York dated July 5, 1988, which denied the petitioner's application for a use variance, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated January 20, 1989, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In December 1980 the petitioner Vincent Colonna purchased a two-family residence in Staten Island for the sum of $65,000. The residence is situated on an irregularly shaped, relatively narrow, corner lot. Although the petitioner's property is located in an R3-2 residential district, in violation of zoning regulations he has rented a portion of the premises for use as commercial office space.

On June 23, 1987, the petitioner applied to the Board of Standards and Appeals for a use variance which would permit the subject premises to be legally converted to a one-family residence and business office. The Board denied the application, concluding, *inter alia,* that the petitioner had failed to demonstrate, as required by New York City Zoning Resolution § 72-21, the existence of unique physical conditions at the site

which would create practical difficulties in using the existing structure as a dwelling, or preclude him from obtaining a reasonable return from that use. The petitioner subsequently commenced this proceeding to challenge the Board's determination. The Supreme Court dismissed the proceeding, finding that the denial of the variance application was a valid, reasonable, and proper exercise of the Board's authority. We agree.

It is well established that when reviewing the determination of a zoning board which has denied a variance, the decision of the board may not be set aside in the absence of illegality, arbitrariness, or an abuse of discretion *(see, Matter of Faham v Bockman,* 151 AD2d 665). Zoning boards are vested with great discretion, and the court's function is limited *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598; *Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178; *Matter of Faham v Bockman, supra).* In this case, we find that the record supports the Board's conclusion that the petitioner failed to establish his entitlement to a variance pursuant to New York City Zoning Resolution § 72-71, and that the Board thus did not improvidently exercise its discretion nor act illegally or arbitrarily in denying the variance. In this regard, the mere fact that the subject parcel is narrow is insufficient to establish that it is unique under the governing New York City Zoning Resolution *(see,* New York City Zoning Resolution § 72-71 [a]; *see, Faham v Bockman, supra; Matter of Kallas v Board of Estimate,* 90 AD2d 774, *affd* 58 NY2d 1030). The petitioner failed to demonstrate that the irregular shape of his parcel is unique as compared to neighboring property. Moreover, even assuming that the petitioner's property is physically unique, it is capable of being used as a two-family residence in conformity with the zoning regulation, and the fact that other uses may be more profitable, does not support a finding that the petitioner cannot realize a reasonable return on his investment. Bracken, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.