■ FRIEDA CHERA, Respondent, v ROGER H. BENNETT, as Chairman of the Board of Standards and Appeals of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated March 22, 1988, which denied the petitioner's application for a variance, the appeal is from a judgment of the Supreme Court, Kings County (Hurowitz, J.), dated August 22, 1988, which vacated the determination and directed that the variance be issued.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner and her husband erected additions to their house which reduced the rear-yard setback from its previous legally noncomplying 25 feet to 2 feet 6 inches, and reduced the side-yard setback from its previous legal 5 feet to 1 foot 5 inches. No building permits were ever applied for in connection with these two one-story additions. After receiving summonses charging her with violations of the Administrative Code of the City of New York, the petitioner unsuccessfully applied for an alteration permit with the New York City Department of Buildings. A subsequent application to the Board of Standards and Appeals of the City of New York (hereinafter the BSA) for a variance was also denied based on the BSA's determination that the petitioner had failed to meet two of the requirements of New York Zoning Resolution § 72-21, i.e., the "unique physical conditions" resulting in "practical difficulties or unnecessary hardship" test and the lack of "substantial impairment of adjacent property" test (New York City Zoning Resolution § 72-21 [a], [c]).

Our review of the record reveals that the court improperly substituted its own judgment for that of the BSA since the BSA's denial of the petitioner's application for an area variance from rear- and side-yard setback requirements of the New York City Zoning Resolution was supported by substantial evidence in the record and was not illegal, arbitrary or an abuse of discretion (see, Matter of Fuhst v Foley, 45 NY2d 441). The petitioner failed to establish the existence of any "unique [physical] conditions" peculiar to and inherent in the subject lot as compared to other lots in the neighborhood, such that strict compliance with the zoning law would have caused

"practical difficulties" *(Matter of Fuhst v Foley, supra,* at 445; *Matter of Kallas v Board of Estimate,* 90 AD2d 774, *affd* 58 NY2d 1030). Prior to the construction of the subject additions, the petitioner was fully capable of utilizing her property within the parameters of the zoning ordinance *(see, Matter of Fuhst v Foley, supra,* at 445; *Matter of Pacheco v De Salvo,* 127 AD2d 597; *Matter of Faham v Bockman,* 151 AD2d 665, 667; *see,* 3 Rathkopf, Law of Zoning and Planning § 38.01 [4th ed]). Although the self-created nature of a hardship does not automatically preclude the granting of a variance *(Human Dev. Servs. v Zoning Bd. of Appeals,* 67 NY2d 702), it is a significant factor militating against granting the application *(Matter of J.T.T. Contrs. v Ward,* 148 AD2d 537, 538-539), particularly where, as here, the hardship results from simple disregard of applicable zoning regulations *(see, Matter of Sorrenti v Siegel,* 138 AD2d 382; *Matter of Wank v Van Etten,* 55 AD2d 693; *Matter of Banos v Colborn,* 35 AD2d 281, *affd* 30 NY2d 502).

The BSA's conclusion that the variance in question would substantially impair the use of adjacent property was likewise supported by substantial evidence based upon the BSA's inspection of the premises. Kunzeman, J. P., Eiber, Balletta and Ritter, JJ., concur.