■ In the Matter of ELI FEIT et al., Respondents, v ROGER H. BENNETT, as Chairman of the Board of Standards and Appeals of the City of New York, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated August 9, 1988, which denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Kings County (Huttner, J.), entered December 22, 1988, which vacated the determination and directed that the variance be issued.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioners' residence is a two-story, one-family dwelling situated on a relatively narrow lot subject to a driveway easement. After denial of a construction permit which would have allowed the petitioners to expand their home, they applied to the Board of Standards and Appeals (hereinafter the Board) for an area variance to construct a proposed two-story rear extension. The Board denied the application, concluding, *inter alia,* that the petitioners had failed to demonstrate, as required by New York City Zoning Resolution § 72-21, the existence of unique physical conditions on or inherent in the property which would create practical difficulties in using the existing structure as a one-family dwelling. The Supreme Court annulled the Board's determination and directed it to issue the variance, finding that the petitioners had demonstrated that the property was unique and that the property's uniqueness created practical difficulties. We reverse.

The petitioners did not establish the existence of any "unique conditions" peculiar to and inherent in the property as compared to the other lots in the neighborhood such that strict compliance with the zoning law would have caused "practical difficulties" *(Matter of Fuhst v Foley,* 45 NY2d 441, 445; *see, Chera v Bennett,* 166 AD2d 630; *Matter of Kallas v Board of Estimate,* 90 AD2d 774, *affd* 58 NY2d 1030). Nor does the property's driveway easement or the narrowness of the parcel warrant a finding that the property is unique *(see, Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963; *Matter of Colonna v Board of Stds. & Appeals,* 166 AD2d 528).

Additionally, the petitioners already have the use of the premises, which they presently occupy, as a one-family dwelling. Even assuming that the property is physically unique, it is capable of being utilized for its intended purpose without coming into conflict with the applicable zoning laws *(see, Matter of Colonna v Board of Stds. & Appeals, supra; Matter of Pacheco v De Salvo,* 127 AD2d 597). In this case, the petitioners' desire to enlarge their kitchen and provide additional closet space and an additional bedroom, bathroom and family room are personal objectives which are insufficient to meet the "practical difficulties" requirement contained in New York City Zoning Resolution § 72-21 *(see, Matter of Faham v Bockman,* 151 AD2d 665, 667; *accord, Matter of Fuhst v Foley, supra).*

The Board's determination, which set forth its reasons for failing to adhere to its prior determinations granting area variances with respect to other nearby properties *(see, Knight v Amelkin,* 150 AD2d 528), was supported by substantial evidence and cannot be considered illegal, arbitrary or an abuse of discretion *(see, Chera v Bennett, supra; Matter of Faham v Bockman, supra).* Lawrence, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.