■ In the Matter of POWER HOUSE HOME ROAD CORP., Appellant, v BOARD OF ZONING APPEALS OF THE TOWN OF HEMPSTEAD et al., Respondents.—In a proceeding pursuant to a CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead dated November 16, 1988, which denied the petitioner's request for an area variance, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered June 6, 1989, which confirmed the determination and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is a contract vendee of a parcel owned by the Levittown Union Free School District. The parcel, commonly known as the former Pintail School, lies between Heron Lane and Pintail Lane. It is approximately 1,100 feet long and between about 121 and 135 feet wide. The proposed purchase price of the parcel is $901,000 and the land is to be developed as single family homes. However, the contract is subject to the petitioner obtaining approval for a subdivision allowing construction of not less than 16 nor more than 17 single family homes. The petitioner's plan calls for 17 homes to be built between Heron Lane and Pintail Lane, fronting on a private road. The private road would be only 30 feet wide and would not have sidewalks. Moreover, except for a five foot "buffer", the private road would abut the rear yards of the houses on adjacent Orchid Lane. The plan violates the zoning ordinance of the Town Hempstead because the proposed houses do not

front on a public road. There are also some small area deficiencies. Therefore, the petitioner sought area variances which were denied by the Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board).

The decision of the Board denying the petitioner's application was neither arbitrary nor an abuse of discretion *(see, Matter of Fuhst v Foley,* 45 NY2d 441). The petitioner has failed to establish that strict compliance with the zoning ordinance would cause practical difficulties *(see, Matter of Faham v Bockman,* 151 AD2d 665, 667; *Matter of Terra Homes v Rose,* 133 AD2d 764). There was evidence in the record to suggest that the purchase price was excessive and that the petitioner was aware of the zoning restrictions prior to entering into the subject contract. Thus, any difficulty the petitioner may experience is self-created. While it is true that self-created hardship does not in and of itself justify a denial of an area variance application *(see, Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108), it is a significant militating factor against the application *(see, Matter of Wolfson v Curcio,* 150 AD2d 586, 587). Moreover, the public benefit to be gained by the strict enforcement of the zoning restriction, that is, avoiding a private road that (with the exception of a five-foot buffer) abuts the rear yards of several homes, outweighs any private detriment which might be suffered by the petitioner *(see, Matter of De Sena v Board of Zoning Appeals, supra; Matter of Terra Homes v Rose, supra).*

We have considered the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.