■ In the Matter of BATH BEACH HEALTH SPA OF PARK SLOPE, INC., Doing Business as PARK SLOPE FITNESS CENTER, et al., Appellants, v ROGER BENNETT, as Chairman of the Board of Standards and Appeals of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated July 11, 1989, which denied the petitioners' application for a zoning variance, the petitioners appeal from a judgment of the Supreme Court, Kings County (Huttner, J.), entered January 26, 1990, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

On March 20, 1986, the petitioners applied to the Board of Standards and Appeals (hereinafter the Board) for a use variance which would permit the cellar of the premises to be used for the nonconforming use of a health club. The Board denied the application, concluding that the petitioners had failed to demonstrate, as required by the New York City Zoning Resolution § 72-21, (1) the existence of unique physical conditions at the site which would create a practical difficulty or unnecessary hardship in using the property with conforming occupancies, and (2) that the owner was precluded from obtaining a reasonable return from the property without the use of the cellar as a health club. The petitioners subsequently commenced this proceeding to challenge the Board's determination. The Supreme Court dismissed the proceeding, finding

that the denial of the use variance application was a valid, reasonable and proper exercise of the Board's authority. We agree.

It is well established that when reviewing the determination of a zoning board which has denied a variance, the decision of the board may not be set aside in the absence of illegality, arbitrariness, or an abuse of discretion *(see, Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). Zoning boards are vested with great discretion and the court's function is limited *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598). In this case, we find that the record supports the Board's conclusion that the petitioners failed to establish their entitlement to a variance pursuant to the New York City Zoning Resolution § 72-21. Thus, the Board did not improvidently exercise its discretion nor act illegally or arbitrarily in denying the use variance. The record reveals that the petitioners failed to demonstrate that the relatively large cellar with access by exterior stairs on a side street constitutes unique physical conditions. Moreover, even assuming that the property is physically unique, the petitioners clearly failed to demonstrate that the owner could not realize a reasonable return without leasing the cellar for a nonconforming use. The record simply reveals that with the use variance, the property may be more profitable. However, the applicable standard is not whether a higher rate of return is possible with the grant of the use variance, but whether a reasonable return can be realized without the variance *(see, Matter of 35 Broadway Co. v Bennett,* 161 AD2d 767, 768).

We have reviewed the petitioners' remaining contentions and find them to be without merit. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.