■ In the Matter of ARLEEN MORANO, Appellant, v ROGER H. BENNETT, as Chairman of the Board of Standards and Appeals of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated February 6, 1990, which denied the petitioner's application for floor-area-ratio and open-space variances, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered July 10, 1990, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner and her husband erected a one-story addition to the rear of their two-story, single-family residence at 2515 Avenue N in Brooklyn so as to expand their kitchen and create additional recreation space. The construction resulted in noncompliance with the floor-area-ratio and open-space requirements of the applicable zoning regulations. No permit was obtained in connection with the construction. After receiving summonses, the petitioner unsuccessfully applied for the necessary permits from the Department of Buildings. The petitioner subsequently applied to the New York Board of Standards and Appeals (hereinafter the Board) for a variance. The application was denied based on the Board's determination that the petitioner had failed to meet the requirement of showing that "unique physical conditions" of the subject property resulted in a "practical difficulty" in using the property in a legal manner (New York City Zoning Resolution § 72-21 [a]). We are satisfied that the Board did not act illegally or arbitrarily, nor did it abuse its discretion.

The petitioner did not establish the existence of any

"unique conditions" peculiar to and inherent in the property as compared to the other lots in the neighborhood such that strict compliance with the zoning law would have caused "practical difficulties" *(Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Chera v Bennett,* 166 AD2d 630; *Matter of Faham v Bockman,* 151 AD2d 665). Neither the fact that the property was narrow *(see, Matter of Faham v Bockman, supra; Matter of Kallas v Board of Estimate,* 90 AD2d 774, *affd* 58 NY2d 1030), nor the configuration of the property with the existing dwelling, establish a unique condition *(cf., Matter of Commco, Inc. v Amelkin,* 109 AD2d 794).

Additionally, prior to the construction, the one-family house was capable of being utilized for its intended purpose without coming into conflict with the applicable zoning laws *(see, Matter of Feit v Bennett,* 168 AD2d 495; *Chera v Bennett, supra; Matter of Faham v Bockman, supra).* The petitioner failed to demonstrate that she and her family were denied the practical use of the house because she had had a third child after purchasing it *(see, Matter of Faham v Bockman, supra; Biellak v Zoning Bd. of Appeals,* 75 AD2d 435). Indeed, the existing 2,600 square-foot, four bedroom home was relatively spacious. The petitioner's desire to enlarge the kitchen and provide additional recreation space was a personal objective which was insufficient to meet the "practical difficulties" requirement contained in New York City Zoning Resolution § 72-21 *(see, Matter of Faham v Bockman, supra; Biellak v Zoning Bd. of Appeals, supra; accord, Matter of Fuhst v Foley, supra).* Harwood, J. P., Eiber, Ritter and Copertino, JJ., concur.