■ In the Matter of ROBERT KINGSLEY et al., Appellants, v ROGER BENNETT, as Chairman of the Board of Standards and Appeals of the City of New York, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Board of Standards and Appeals of the City of New York dated November 29, 1989, which denied the petitioners' application for a use variance, the petitioners appeal from a judgment of the Supreme Court, Richmond County (Cusick, J.), dated May 24, 1990, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

In about 1985, the petitioners purchased property located at 37 New Dorp Lane, Staten Island, for the sum of $187,500. The property is improved with a two-story residential building and a detached two-car garage. The petitioners' property is located in an R3-1 residential zoning district. Under this zoning category, one and two-family residences and community facilities are permitted. The variety of community facilities includes churches, museums, seminaries, monasteries, and medical offices. Business offices are not a permitted use.

Although the petitioners' property is located in an R3-1 residential district, immediately after taking title, in violation of zoning regulations, they commenced using the premises for commercial purposes, i.e., as a real estate office. After being issued summonses for building department violations, the petitioners applied to the building department for permission to legally convert the subject premises to a commercial office building. The application was denied on the ground, *inter alia,* that commercial use was not permitted in an R3-1 zone.

The petitioners then appealed to the Board of Standards and Appeals of the City of New York (hereinafter BSA) for a use variance which would permit the subject premises to continue as a business office, and an area variance authorizing expansion of the building. After the BSA denied their application, the petitioners commenced this proceeding to review the determination of the BSA. The Supreme Court dismissed the petition, finding that the denial of the variance application was a valid, reasonable, and proper exercise of the BSA's authority. We agree.

It is well established that the courts may set aside a zoning board's determination only where the record reveals some illegality, arbitrariness, or abuse of discretion *(see, Matter of Consolidated Edison Co. v Hoffman,* 43 NY2d 598, 608; *Matter of Cowan v Kern,* 41 NY2d 591, 598; *Matter of Bath Beach Health Spa v Bennett,* 176 AD2d 874). Zoning boards are vested with great discretion and the court's function is limited *(see, Matter of Consolidated Edison Co. v Hoffman, supra; Matter of Bath Beach Health Spa v Bennett, supra).* Here, the record supports the BSA's conclusion that the petitioners failed to establish their entitlement of a variance pursuant to New York City Zoning Resolution § 72-21.

Where a use variance is sought, the applicant must meet the stringent requirement of showing practical difficulties and unnecessary hardship *(Matter of Consolidated Edison Co. v*

*Hoffman, supra,* at 607). The five requirements for demonstrating unnecessary hardship are set forth in New York City Zoning Resolution § 72-21: (1) that the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone, (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself, (3) that the use to be authorized by the variance will not alter the essential character of the locality, (4) that the difficulty has not been created by the owner, and (5) that the variance, if granted, is the minimum variance necessary to afford relief.

To satisfy the first requirement, the landowner must submit "dollars and cents" evidence establishing that no permissible use would yield a reasonable return *(Matter of Shinnecock Hills Golf Club v Nardy,* 62 NY2d 761). At bar, the petitioners claim that the subject premises would only realize a 3.6% return on equity if sold as a two-family dwelling. There was evidence in the record to suggest that the purchase price was excessive and that the petitioners (one of whom is a realtor) were aware of the zoning restrictions prior to purchasing the property. Thus, if the petitioners did pay an unduly high price for the property, any hardship suffered as a result was self-inflicted. We have previously stated that "[t]he courts should not be placed in the position of having to guarantee the investments of careless land buyers" *(Matter of Carriage Works Enters. v Siegel,* 118 AD2d 568, 570; *see also, Matter of Power House Home Rd. Corp. v Board of Zoning Appeals,* 171 AD2d 796). Moreover, the fact that the premises would yield a higher return if used as a real estate office is irrelevant. It is well settled that testimony that the property might yield a higher return if the use variance is granted is insufficient *(see, Matter of Varley v Zoning Bd. of Appeals,* 131 AD2d 905).

With respect to uniqueness, that the subject parcel is shallow is insufficient to establish that it is unique under the governing zoning resolution *(see, Matter of Faham v Bockman,* 151 AD2d 665; *Matter of Kallas v Board of Estimate,* 90 AD2d 774, *affd* 58 NY2d 1030). The petitioners failed to show that the irregular shape of their parcel and the commercial nature of the immediate area is unique as compared to neighboring property *(see, Matter of Douglaston Civic Assn. v Klein,* 51 NY2d 963; *Matter of Colonna v Board of Stds. & Appeals,* 166 AD2d 528).

We have reviewed the petitioners' remaining contentions and find them to be without merit.

Although the record supports the determination of the respondent Board in this case, in the future the Board should set forth specific findings in making its determinations. Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.