■ In the Matter of ISHAIL KARNEIL et al., Appellants, v ROGER H. BENNETT et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated December 5, 1989, which denied the petitioners' application for a variance, the petitioners appeal from so much of a judgment of the Supreme Court, Queens County (Santucci, J.), dated August 30, 1990, as dismissed the petition.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In 1987 the petitioners applied to the New York City Department of Buildings (hereinafter the DOB) for a second-story enlargement to their one-story single-family residence at 57-25 East Hampton Boulevard in Queens so as to increase their number of bedrooms and bathrooms. The plans approved by the DOB proposed a second-story enlargement on the existing foundation, which entailed a rear-yard setback of 31 feet. However, construction proceeded contrary to the building permit issued based upon the approved plans and resulted in noncompliance with the floor-area-ratio, open-space, and rear-yard setback requirements of the New York City Zoning Resolution. The petitioners unsuccessfully applied for an alteration permit with the DOB. After receiving a notice of violation, the petitioners applied to the New York Board of Standards and Appeals (hereinafter the BSA) for a variance. The application was denied based on the BSA's determination that the petitioner had failed to meet the requirement of showing that the site contains a unique physical condition that creates a practical difficulty or unnecessary hardship in erecting a complying building (NY City Zoning Resolution § 72-21 [a]). We are satisfied that the DOB did not act illegally or arbitrarily, nor did it abuse its discretion.

The petitioner did not establish the existence of any "unique conditions" peculiar to and inherent in the property as compared to the other lots in the neighborhood such that

strict compliance with the zoning law would have caused "practical difficulties" *(Matter of Fuhst v Foley,* 45 NY2d 441, 445; *Matter of Morano v Bennett,* 181 AD2d 889; *Chera v Bennett,* 166 AD2d 630; *Matter of Faham v Bockman,* 151 AD2d 665). Neither the fact that the property is wide, nor the presence of existing utility lines, warrant a finding that the property is unique *(see, Matter of Morano v Bennett, supra).*

Additionally, prior to the construction of the subject additions, the petitioners were fully capable of utilizing their property within the parameters of the zoning ordinance *(see, Matter of Fuhst v Foley, supra,* at 445; *Chera v Bennett, supra,* at 631). The petitioners' desire to enlarge or increase the number of bedrooms and bathrooms was a personal objective which was insufficient to meet the "practical difficulties" requirement contained in New York City Zoning Resolution § 72-21 *(see, Matter of Morano v Bennett, supra; Matter of Feit v Bennett,* 168 AD2d 495, 496; *Matter of Faham v Bockman, supra,* at 667). Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.