■ In the Matter of STACY KATZ, Appellant, v TOWN OF BEDFORD ZONING BOARD OF APPEALS, Respondent. [609 NYS2d 24] —In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Bedford Zoning Board of Appeals, dated October 17, 1991, which, after a hearing, denied the petitioner's application for an area variance for the erection of a ten-foot wire fence encircling her property, the petitioner appeals (1) from a judgment of the Supreme Court, Westchester County (Cowhey, J.), entered April 9, 1992, which denied the petition and dismissed the proceeding, and (2) as limited by her brief, from so much of an order of the same court, entered July 7, 1992, as, upon renewal, adhered to its original determination.

Ordered that the appeal from the judgment is dismissed, as it was superseded by the order made upon renewal; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner applied for an area variance to erect a ten-foot fence within the minimum setback area. The petitioner contended that the fence was necessary to prevent deer from entering onto her property. The Town of Bedford Zoning Board of Appeals (hereinafter the Zoning Board of Appeals) denied the application finding that the petitioner had not demonstrated that she had any practical difficulty utilizing her property without the variance.

The determination of the Zoning Board of Appeals denying the petitioner's application for an area variance is supported by substantial evidence, and it is not illegal, arbitrary and capricious, or an abuse of discretion *(see,* CPLR 7803 [3]; *Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Nammack v Krucklin,* 149 AD2d 596). The petitioner has failed to establish that compliance with the zoning code would cause practical difficulties rendering the property unusable. Moreover, simply because the alternatives suggested by the Zoning Board of Appeals would be more expensive than the erection of a ten-foot fence does not mandate the granting of the variance. While financial hardship is a factor to be considered, proof that the desired improvement could more easily and cheaply

be constructed if the variance were granted does not change the nature of the improvement from one that is merely desirable to one that is necessary for the practical utilization of the property *(see, Matter of Biellak v Zoning Bd. of Appeals,* 75 AD2d 435, 439). Sullivan, J. P., Miller, O'Brien and Krausman, JJ., concur.