■ In the Matter of ANTHONY J. MONTALBANO et al., Appellants, v GASTON SILVA et al., Respondents. [611 NYS2d 630] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York, dated October 29, 1990, which denied the petitioners' application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Queens County (Milano, J.), dated July 10, 1992, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

After the petitioners constructed an extension to their home they applied for an area variance so that they could obtain a certificate of occupancy. We find that the determination of the Board of Standards and Appeals of the City of New York (hereinafter the BSA) denying the petitioners' application for an area variance was based on substantial evidence in the record as a whole and was neither illegal nor arbitrary and capricious.

We agree with the Supreme Court and the BSA that the petitioners failed to establish the existence of any "unique conditions" peculiar to and inherent in their property compared to other lots in the neighborhood such that strict

compliance with the floor-area-ratio, open space, and side-yard requirements of the New York City Zoning Resolution would have caused "practical difficulties" *(Matter of Fuhst v Foley,* 45 NY2d 441, 445). Also, prior to construction of the subject extension, the petitioners were fully capable of utilizing their home, and their desire to add a bathroom, closet, and a recreation room was a personal objective which was insufficient to meet the "practical difficulties" requirement contained in New York City Zoning Resolution § 72-21 *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 445, *supra; Matter of Karneil v Bennett,* 186 AD2d 742, *Matter of Feit v Bennett,* 168 AD2d 495). Consequently, it was unnecessary for the BSA to address the remaining four factors enumerated in New York City Zoning Resolution § 72-21 *(see, Matter of Galin v Board of Estimate,* 72 AD2d 114, *affd* 52 NY2d 869).

We must disregard the petitioners' claim that the BSA has granted similar applications. Judicial review of an administrative action is limited to the record made before the agency and those alleged determinations granting similar applications were not brought to the agency's attention by the petitioners *(see, Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863, 864).

The petitioners' remaining contentions are without merit. Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.