■ In the Matter of BRUCE BELLIN, Appellant, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [656 NYS2d 391] —Motion by the petitioner for leave to reargue an appeal from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered February 27, 1995, which was decided by decision and order of this Court dated October 28, 1996, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this Court dated October 28, 1996.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for leave to reargue is granted and, upon reargument, the unpublished decision and order dated October 28, 1996, is recalled and vacated and the following is substituted therefor:

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Division of Housing and Community Renewal, dated July 26, 1993, which found that no rent overcharge occurred, the petitioner appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered February 27, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination dated July 26, 1993, is annulled, and the matter is remitted to the respondent New York State Division of Housing and Community Renewal for a new determination in accordance herewith, to be made with all deliberate speed.

In considering the petitioner's rent overcharge claim, the New York State Division of Housing and Community Renewal (hereinafter DHCR) applied the law in effect at the time of its determination, in accordance with our decision in *Matter of J.R.D. Mgt. Corp. v Eimicke* (148 AD2d 610), rather than the law in effect at the time the petitioner filed his rent overcharge complaint with the DHCR. It is now clear that the law in effect at the time of filing should be applied (*see, Matter of Century Tower Assocs. v State of New York Div. of Hous. & Community Renewal*, 83 NY2d 819; *Matter of Arnone v Commissioner of Div. of Hous. & Community Renewal*, 227 AD2d 476). Accordingly, we remit the matter for a new determination. Contrary to the contention of the respondents DHCR and Empress Manor Apartments (hereinafter Empress Manor), the prior determination of DHCR, dated March 4, 1988, cannot simply be reinstated. That determination was made without benefit of the petitioner's answer to the petition of Empress Manor for administrative review, which challenged the landlord's belated submission of pre-1978 leases for the former tenant Stephen Metz and the authenticity of the Metz leases.

We note, however, that the determination of DHCR that the lease of one of the prior tenants included a garage space was fully supported by the record. Further, the Supreme Court properly disregarded an affidavit of former tenant Louise

Hakim, which was submitted by the petitioner in this article 78 proceeding, as it was not part of the administrative record under review (*see, Matter of Montalbano v Silva*, 204 AD2d 457). The petitioner never timely challenged the authenticity of the Hakim leases before DHCR and our remittitur of this matter is not to be construed as affording him an additional opportunity to do so. O'Brien, J. P., Thompson, Joy and Altman, JJ., concur.