In the Matter of JOSATO, INC., Appellant, v GERALD G. WRIGHT et al., Respondents. [826 NYS2d 381]—

In a proceeding pursuant to CPLR article 78 to review determinations of the Board of Zoning Appeals of the Town of Hempstead dated April 10, 2002, which, after a hearing, denied the petitioner's applications for certain area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Alpert, J.), entered July 28, 2005, which, upon a decision of the same court dated May 13, 2005, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner Josato, Inc. (hereinafter Josato), contends that the respondents, acting as members of the Board of Zoning Appeals of the Town of Hempstead (hereinafter the Board), erroneously denied its applications for area variances needed to build residential houses on two 135-foot wide strips of land located on the former Vanderbilt Motor Parkway within the Levittown Planned Residential District (hereinafter LPRD; *see* Building Zone Ordinance of the Town of Hempstead § 171). In relevant part, the LPRD zoning ordinance requires lots to have a depth of at least 100 feet (*see* Building Zone Ordinance of the Town of Hempstead § 193 [c]), and applicable Town of Hempstead law requires public roads to be at least 50-feet wide.

In 1984, Josato's predecessor-in-interest had applied for area variances to allow it to subdivide and develop the two parcels with a total of 20 single-family residential houses on 95-foot deep lots fronting on a 40-foot wide street. The Board denied the applications for area variances, and this Court determined that the Board's determination was rational (*see Matter of Terra Homes v Rose*, 133 AD2d 764 [1987]).

In June 2000, after section 267-b of the Town Law applicable to review of area variance applications was amended, Josato filed substantially similar applications for area variances that would allow 16 residential houses, out of a proposed total of 20, to be built on 95-foot deep lots fronting on a 40-foot wide street. The Board initially denied the applications as barred by the doctrines of res judicata and collateral estoppel. That determination was annulled by the Supreme Court, Nassau County, and that order was affirmed by this Court, which remitted the matter to the Board for consideration on the merits (*see Matter of Josato, Inc. v Wright*, 288 AD2d 384 [2001]).

Following remittal, the Board issued two decisions, each dated April 10, 2002, in which it concluded, upon consideration of the five factors set forth in Town Law § 267-b, that the applications should be denied. The Board reasoned that the substantial benefit that would accrue to Josato if the variances were granted was outweighed by the detriment to neighborhood that would be caused by such grant, including an undesirable change in the character of the neighborhood inconsistent with the purposes of the law creating the LPRD (*see* Building Zone Ordinance of the Town of Hempstead § 171).

"Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Contrary to Josato's contentions, the Board was entitled to consider evidence presented showing that, with the exception of residences within a certain subdivision development approved prior to 1984, all residences within the 200-foot radius immediately surrounding the subject properties were in strict conformity with LPRD area requirements, and that the harm to the petitioner was self-created (*see Matter of Inguant v Board of Zoning Appeals of Town of Brookhaven*, 304 AD2d 831 [2003]; *Matter of Rod Staten Corp. v Trotta*, 278 AD2d 328, 328 [2000]; *Matter of Weisman v Zoning Bd. of Appeals of Vil. of Kensington*, 260 AD2d 487 [1999]). Further, the Board could consider the "cumulative effect" of the 16 requested variances, even if the effect of each alone would be relatively minor (*see Matter of Tetra Bldrs. v Scheyer*, 251 AD2d 589 [1998]; *Matter of Terra Homes v Rose*, 133 AD2d 764 [1987]). The mere fact that a similar application was granted to Josato's predecessor-in-interest for a similar development does not suffice to establish that the Board's action was arbitrary, since a zoning board "may refuse

to duplicate previous error; . . . change its views as to what is for the best interests of the [town]; [or] give weight to slight differences which are not easily discernible" (*Matter of Cowan v Kern*, 41 NY2d 591, 595 [1977]; *see Matter of Ifrah v Utschig, supra* at 308; *Matter of Spandorf v Board of Appeals of Vil. of E. Hills*, 167 AD2d 546 [1990]). Moreover, the Board could consider its previous determination to reject similar variance applications for the subject properties as persuasive precedent, absent evidence that the character of the neighborhood had changed since the prior determination (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 614). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Schmidt, J.P., Adams, Santucci and Lifson, JJ., concur.