In the Matter of ROBERT WAIDLER et al., Appellants, v THOMAS YOUNG et al., Respondents. [882 NYS2d 153]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Babylon Board of Appeals dated January 25, 2007, which, after a hearing, granted the application of the respondent Brian Hurley for area variances, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Spinner, J.), dated January 28, 2008, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

On January 25, 2007, after a hearing, the respondent Town of Babylon Board of Appeals (hereinafter the Board of Appeals) approved the application of the respondent Brian Hurley for area variances. These variances permitted him to subdivide a parcel he owned into two substandard lots, to relocate the single-family residence, currently located mid-parcel, onto one lot, and to construct a new single-family residence on the other. On or about February 28, 2007 the petitioners commenced the instant CPLR article 78 proceeding to review the Board of Appeals' determination on the ground that it was arbitrary and capricious, because the Board of Appeals failed to properly distinguish the subject application from a substantially similar prior application, made as to the same parcel, which the Board of Appeals had denied in 2004. The Supreme Court, inter alia, denied the petition and dismissed the proceeding.

A determination "that neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 517 [1985]; *see Matter of Campo Grandchildren Trust v Colson*, 39 AD3d 746 [2007]). Where, however, a zoning board "provides a rational explanation for reaching a different result on similar facts, the determination will not be viewed as either arbitrary or capricious" (*Matter of Berk v McMahon*, 29 AD3d 902, 903 [2006]; *see Matter of Nozzleman 60, LLC v Village of Cold Spring Zoning Bd. of Appeals*, 34 AD3d 682, 683 [2006]). The Board of Appeals "may refuse to duplicate previous error; it may change its views as to what is for the best interests of the [Town]; it may give weight to slight differences which are not easily discernible" (*Knight v Amelkin*, 150 AD2d 528, 529 [1989] [internal quotation marks omitted]).

Here, it was within the discretion of the Board of Appeals to determine if the modifications to the application submitted by Brian Hurley presented changed facts or circumstances, and to give weight even to "slight differences not easily discernable" (*Matter of Freeman v Town of Ithaca Zoning Bd. of Appeals*, 61 AD2d 1070, 1070 [1978] [internal quotation marks and citation omitted]; *see Matter of Josato, Inc. v Wright*, 35 AD3d 470, 471-472 [2006]). The subject determination specifically noted several changes from the prior application, including modifications of the location of the two dwellings; an increase of side yard distances between the two dwellings and neighboring homes; preservation of a mature tree; and an agreement to a restrictive covenant keeping the dwellings owner occupied with no accessory apartments. Moreover, the Board of Appeals explained that, unlike the prior application, the current application contained substantial evidence of prior, similar variances and of the presence of other neighboring, substandard lots. Thus, the Board of Appeals' approval was rational and not illegal, arbitrary or capricious, or an abuse of discretion (*see Matter of Josato, Inc. v Wright*, 35 AD3d at 471-472).

The Supreme Court properly considered the Board of Appeals' findings issued shortly after the commencement of this proceeding (*see Matter of North Shore F.C.P., Inc. v Mammina*, 22 AD3d 759, 761 [2005]; *Matter of Efraim v Trotta*, 17 AD3d 463, 464 [2005]).

The petitioners' remaining contentions are without merit. Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Fisher, J.P., Dillon, Balkin and Dickerson, JJ., concur.