■ In the Matter of BALLROOM PRODUCTIONS, INC., et al., Appellants, v ROBERT ABRAMS et al., Respondents. INCORPORATED VILLAGE OF ROSLYN, Respondent, v BALLROOM PRODUCTIONS, INC., et al., Appellants. — In a proceeding pursuant to CPLR article 78 to, *inter alia,* review the respondents' determination denying petitioners' application for a zoning variance, and in an action to permanently enjoin defendants from operating a restaurant on the subject premises, the matters having been consolidated, the petitioners and the defendants appeal from a judgment of the Supreme Court, Nassau County (Vitale, J.), entered April 30, 1981, which dismissed the petition and permanently enjoined the defendants from, *inter alia,* operating a restaurant, bar and nightclub on the subject premises. Judgment affirmed, with costs. By application dated October 27, 1976 and received by the Building Inspector of the Village of Roslyn on November 3, 1976, petitioner, Ballroom Productions, Inc. (Ballroom), applied for a building permit with respect to the premises at 1353 Old Northern Boulevard, to allow construction to change the use "from retail to restaurant occupancy". The application was denied by the building inspector, by notice dated November 16, 1976, for three reasons: a nightclub was not a permitted use in a business zone; there was insufficient parking; and some 50 detailed "objections", which were attached. Ballroom states that it was not notified of such disapproval. The finding of insufficient parking was based upon an amendment to the Roslyn ordinance, which amendment was adopted October 25, 1976, and affected restaurant parking. Prior to that date, a restaurant was required to have one parking space for every four restaurant seats. The amendment required one parking space for every 60 square feet of total building area, with each parking space being 10 feet by 20 feet (200 square feet). Thus, before the amendment, 23 spaces — the number of parking spaces petitioners claim to have — would have permitted restaurant seating

for 92 persons, the number of seats in petitioners' restaurant. Although no permit for such use was secured, alterations to the premises were made, a liquor license was obtained, and the restaurant opened for business on July 4, 1978. After opening the restaurant, petitioners then applied to the Board of Zoning Appeals of the Incorporated Village of Roslyn by application dated March 30, 1979, to permit a variance for the restaurant from the Roslyn ordinance off-street parking requirements. The board denied the variance and petitioners commenced this article 78 proceeding. The Village of Roslyn commenced an action to permanently enjoin the operation of the restaurant. The matters were consolidated, a trial was held, denial of the variance was confirmed, and the village was granted judgment in its favor in the injunction action. On appeal, the petitioners and defendants first contend that "the building inspector, the zoning board and the court below erroneously ruled that the 1976 zoning amendment was applicable to petitioners' variance application; petitioners were entitled to the permit as a matter of law". Based upon the preponderance of credible evidence adduced at trial, the trial court correctly found that the application was not received by the building inspector until November 3, 1976, which was subsequent to the adoption of the amended ordinance. Appellants' next contention is that they proved their right to an area variance since they showed practical difficulty, and, even more, that they would face "financial ruin and total loss" without the variance. The record clearly reflects that financial hardship, if any, was not established by petitioners. A concern for adequate parking facilities to alleviate traffic congestion is a legitimate purpose for a zoning ordinance (*Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449, 457). A decision, therefore, to deny a variance of the off-street parking regulations may only be considered arbitrary "if the hardship caused deprives the property owner of any use of the property to which it is reasonably adapted". In the present case, as in *Overhill,* appellants have not been deprived of the use of their property (p 457) "since it remains a valid apartment and business use". Appellants also contend that there has been a discriminatory enforcement of the ordinance by the board against them. The trial court found, and we agree, that the appellants failed to establish selective enforcement of the off-street parking provision of the Roslyn ordinance. In conclusion, after a review of the proceedings before the board and the proceedings and trial before the trial court, we are satisfied that the appellants failed to establish that there was any illegality, arbitrariness or abuse of discretion by the board, and we further determine that the action of the board had a rational basis and is supported by substantial evidence (*Conley v Town of Brookhaven Zoning Bd. of Appeals,* 40 NY2d 309, 314). We have examined appellants' remaining contentions and find them to be without merit as well. Lazer, J. P., Gibbons, Cohalan and Bracken, JJ., concur.