■ ROBERT T. KNIGHT et al., Respondents, v STANLEY P. AMELKIN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington denying petitioners' application for a variance to expand and to alter a certain building, the appeal is from so much of a judgment of

the Supreme Court, Suffolk County (Orgera, J.), dated October 31, 1984, as granted the petition to the extent of annulling so much of the determination as denied petitioners "the right to convert the present use as a furniture store to other uses permitted within the C-6 General Business District".

Judgment reversed, insofar as appealed from, on the law, with costs, determination confirmed and petition dismissed in its entirety.

A concern for adequate parking facilities to alleviate traffic congestion is a legitimate purpose for a zoning ordinance *(Matter of Overhill Bldg. Co. v Delany,* 28 NY2d 449; *Matter of Ballroom Prods. v Abrams,* 86 AD2d 661, *lv denied* 57 NY2d 601).* Therefore, a decision to deny an application for a variance of an off-street parking regulation may only be considered arbitrary "if the hardship caused deprives the property owner of any use of the property to which it is reasonably adapted" *(Matter of Overhill Bldg. Co. v Delany, supra,* at p 457). This standard has not been met by petitioners at bar, where they only offered conclusory testimony unsupported by "dollars and cents" evidence *(see, Matter of Village Bd. v Jarrold,* 53 NY2d 254, 255). Therefore, it cannot be said that appellants' determination was arbitrary. In addition, the conclusion that a variance would result in increased traffic and congestion is supported by substantial evidence in the record.

Having found that the Zoning Board's determination has a rational basis and is supported by substantial evidence, that determination is confirmed in its entirety *(see, Matter of Fuhst v Foley,* 45 NY2d 441). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.