■ ROBERT T. KNIGHT et al., Respondents, v STANLEY P. AMELKIN et al., Constituting the Zoning Board of Appeals of the Town of Huntington, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington, dated April 10, 1984, as amended April 1, 1987, denying the petitioners' application for a variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Orgera, J., on decision; Copertino, J., on judgment), entered January 15, 1988, which annulled the determination and directed the appellants to grant the application.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination, as amended, is confirmed and the proceeding is dismissed on the merits.

In February 1984 the petitioners applied to the Zoning

Board of Appeals of the Town of Huntington (hereinafter the Board) for a variance in the amount of parking spaces required in connection with a proposed change of use and expansion of their furniture store into a store with multiple retail uses. When their application was denied, they commenced a proceeding pursuant to CPLR article 78 in the Supreme Court, Suffolk County, to review the Board's determination. The Supreme Court, Suffolk County (Orgera, J.), granted the petition and set aside the Board's determination. The Board appealed to this court, which reversed and reinstated the determination, finding that it had a rational basis and was supported by substantial evidence *(see, Knight v Amelkin,* 116 AD2d 629). The petitioners appealed to the Court of Appeals, which reversed this court's order *(see, Knight v Amelkin,* 68 NY2d 975) and remitted the matter to the Supreme Court, Suffolk County, with directions to remit to the Board, so that the Board could issue an explanatory decision distinguishing the petitioners' application for a variance from three other applications where variances were granted. On April 1, 1987, an explanatory decision was issued. Thereafter, the petitioners commenced the instant proceeding and the Supreme Court, in the judgment appealed from, granted the petition, annulled the determination, as amended, and directed the Board to grant the application.

As the Court of Appeals stated in *Matter of Cowan v Kern* (41 NY2d 591, 594-595, quoting from *Matter of Larkin Co. v Schwab,* 242 NY 330, 336-337): "the law is well settled that the mere fact that one property owner is denied a variance while others similarly situated are granted variances does not, in itself, suffice to establish that the difference in result is due either to impermissible discrimination or to arbitrary action. The controlling principles were stated by Judge LEHMAN, with his usual eloquence, long ago. 'The mere fact that consents were granted to owners of premises somewhat similarly situated does not in itself show that consent was arbitrarily refused to this applicant. The question is not whether someone else has been favored. The question is whether the petitioner has been illegally oppressed. Exercise of discretion in favor of one confers no right upon another to demand the same decision. Unlimited discretion vested in an administrative board by ordinance is not narrowed through its exercise. * * * The [board] may refuse to duplicate previous error; it may change its views as to what is for the best interests of the [town]; it may give weight to slight differences which are not easily discernible' ".

Moreover, the fact that a board has granted variances in the past does "not strap it to grant variances to all comers in the future automatically and without due regard for changed conditions that might require a different result. Having granted * * * variances in the past, the board could properly decide that additional variances would impose too great a burden and strain on the existing community" *(Matter of Cowan v Kern, supra,* at 595-596).

Viewed in this context, we conclude that the Board's explanatory decision sufficiently distinguished the petitioners' application from the three other applications where variances were granted. The other applications were made at a time when parking in the town had not reached the saturation point during business hours, and the Board could properly decide, as it did, that because the parking situation had worsened, granting the petitioners a variance would impose too great a strain on the community. Moreover, the properties involved in the other applications were put to different uses than the petitioners' use of their property, and, as the Board noted, these were additional appropriate and rational distinguishing factors.

Thus, the judgment is reversed, the determination, as amended, is confirmed, and the proceeding dismissed on the merits. Kunzeman, J. P., Rubin, Spatt and Balletta, JJ., concur.