■ In the Matter of CRYSTAL POND HOMES, INC., Respondent, v RONALD PRIOR et al., Appellants, et al., Intervenors.

[759 NYS2d 366] —In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Huntington Bay Zoning Board of Appeals dated June 21, 2001, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated April 15, 2002, which granted the petition.

Ordered that the judgment is affirmed, with costs.

In determining the petitioner's application for an area variance, the Village of Huntington Bay Zoning Board of Appeals (hereinafter the Board) was required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance was granted (*see Matter of Sasso v Osgood,* 86 NY2d 374 [1995]). The Board had to consider (1) whether the granting of the variance would result in undesirable change in the character of the neighborhood or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some feasible method other than an area variance, (3) whether the requested variance is substantial, (4) whether the grant of the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (*see* Village Law § 7-712-b).

Here, the testimony of the petitioner's experts, which was virtually uncontroverted, established, inter alia, that 52 of the 100 homes in the immediate area were on substandard lots and that the proposed area variance would have no impact on the adjoining properties. There was no evidence in the record that the granting of the variance would have an undesirable effect on the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a "detriment to the health, safety and welfare of the neighborhood or community" (*Matter of Sasso v Osgood, supra* at 384; *see Matter of Easy Home Program v Trotta,* 276 AD2d 553 [2000]). Accordingly, the denial of the area variance was arbitrary and capricious and was not supported by substantial evidence (*see Matter of Fuhst v Foley,* 45 NY2d 441 [1978]; *Matter of Goldsmith v Bishop,* 264 AD2d 775 [1999]). Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.