■ In the Matter of MARC W. SUFFERN II, Appellant, v ZONING BOARD OF APPEALS OF TOWN OF GREENVILLE, Respondent. [792 NYS2d 562]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Greenville, dated September 15, 2003, which denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Orange County (McGuirk, J.), dated December 10, 2003, which dismissed the proceeding and confirmed the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the respondent for the issuance of the requested area variance forthwith.

"In determining the petitioner's application for an area variance, the [respondent] was required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance was granted (*see Matter of Sasso v Osgood*, 86 NY2d 374 [1995]). The [respondent] had to consider (1) whether the granting of the variance would result in undesirable change in the character of the neighborhood or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some feasible method other than an area variance, (3) whether the requested variance is substantial, (4) whether the grant of the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created" (*Matter of Crystal Pond Homes v Prior*, 305 AD2d 595, 596 [2003]; *see* Town Law § 267-b).

The petitioner was seeking a 20-foot variance from a requirement in the applicable zoning code that a mobile home, used to house a tenant farmer as part of the tenant farmer's remuneration, be placed no less than 100 feet from a public road. The uncontroverted evidence established, inter alia, that the trailer was to be placed approximately in the middle of the petitioner's 150-acre dairy farm, that he owned the land on both sides of the road, and that the placement of such a mobile home was permitted by the applicable portion of the zoning code, subject to the issuance of a permit by the Planning Board of the Town of Greenville. There was no proof in the record showing how the granting of the relatively minimal variance requested would have any impact, let alone an undesirable adverse impact, on this decidedly rural community. Accordingly, the denial of the application was arbitrary and capricious (see Matter of Ifrah v Utschig, 98 NY2d 304 [2002]).

In light of this determination, we do not reach the parties' remaining contentions. Florio, J.P., H. Miller, Cozier and S. Miller, JJ., concur.