In the Matter of BEYOND BUILDERS, INC., Respondent, v PATRICK PIGOTT et al., Appellants. [799 NYS2d 241]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Lindenhurst dated December 5, 2002, which, after a hearing, denied the petitioners' application for two area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated December 3, 2003, which annulled the determination and directed that the variances be granted.

Ordered that the judgment is affirmed, with costs.

The petitioner, Beyond Builders, Inc. (hereinafter Beyond), an experienced builder of homes, purchased the subject substandard, oddly-configured lot, conditioned upon the issuance of a building permit. A building permit was issued. Thereafter, the building permit was revoked. In response to the revocation of the building permit, Beyond applied for area variances for the front yard, consisting of a reduction from 25 feet to 6½ feet, and a reduction of what it believed to be a rear yard requirement of 25 feet to 15 feet.

At a hearing on the application, Beyond's attorney noted the purchase price of the property and that substantial sums were expended pursuant to the contract of sale. Various site plans and tax maps were also submitted indicating that the parcel in

question was located in a residential zone where the lots were generally 100 feet by 100 feet in size. The subject parcel was completely landlocked except for frontage on a paper (unimproved) street owned by the Village of Lindenhurst. Beyond's attorney indicated his awareness that adjoining parcels were undeveloped, but these parcels were owned by the Village and the County of Suffolk and the acquisition thereof was problematic.

The Board of Zoning Appeals of the Village of Lindenhurst (hereinafter the Board) denied the application on the grounds that the variances would adversely impact the environment and the surrounding neighborhood, result in a loss of privacy to surrounding homes, and create a hazard for emergency and sanitation vehicles, compounded by parking on the unimproved street.

The petitioner established that the parcel in question was held in single and separate ownership. Thus, even though it is substandard, pursuant to the express provisions of the zoning regulations, the parcel was not inherently incapable of improvement provided there was compliance with other provisions of the applicable zoning code (*see* Lindenhurst Village Code § 193-27 [B]).

Under the unique facts of this case including, inter alia, the unexplained initial granting of the building permit and the consequences that flowed therefrom, the Supreme Court properly annulled the Board's determination. Although the petitioner's requested area variances were, arguably, substantial, there was little, if any, evidence presented that granting the variances would have an undesirable effect on the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (*see* Village Law 7-712-b (3) (b); *Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.*, 3 AD3d 496, 497 [2004]; *Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan*, 251 AD2d 333, 335 [1998]). Thus, we agree with the Supreme Court that the denial of the variances was arbitrary and capricious and not supported by substantial evidence (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Crystal Pond Homes v Prior*, 305 AD2d 595, 596 [2003]). Prudenti, P.J., Schmidt, Luciano and Lifson, JJ., concur.