■ In the Matter of RAYMOND O'CONNELL et al., Respondents, v STEVEN P. KNOWLTON et al., Respondents, and STANLEY CRACOVIA et al., Appellants. [803 NYS2d 599]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Nyack dated March 31, 2003, which, after a hearing, granted the application of Stanley Cracovia and Ann Cracovia for two area variances, the appeal is from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated April 5, 2004, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

The appellants Stanley Cracovia and Ann Cracovia own a residence located in Nyack, New York. In 2002 the Cracovias applied for permission to build an addition to their home. The Chief Building Inspector of the Village of Nyack determined that the addition would require the issuance of two variances. After a public hearing, the respondent Zoning Board of Appeals

of the Village of Nyack (hereinafter the ZBA) approved the variances. Thereafter the petitioners, the owners of real property contiguous to the subject property, instituted a proceeding pursuant to CPLR article 78 seeking to annul the ZBA's determination. The Supreme Court granted the petition and annulled the ZBA's determination finding, inter alia, that there would be an undesirable change in the neighborhood and detriment to neighboring properties. We reverse.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Fuhst v Foley,* 45 NY2d 441 [1978]; *Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville,* 5 AD3d 496 [2004]; *Matter of Scimone v Humenik,* 1 AD3d 370 [2003]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is supported by substantial evidence (*see Matter of Ifrah v Utschig, supra; Matter of Sasso v Osgood,* 86 NY2d 374 [1995]).

In determining whether to grant an area variance, a zoning board of appeals is required by Village Law § 7-712-b (3) to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Sasso v Osgood, supra; Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville, supra; Matter of Scimone v Humenik, supra*). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3]; *Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville, supra; Matter of Scimone v Humenik, supra*).

Here the record reveals that the ZBA weighed the relevant statutory factors and that its determination, including the finding that the variances would not result in an undesirable change in the neighborhood or detriment to nearby properties, was rational, and not arbitrary or capricious, and was supported by

substantial evidence (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344 [1996]; *Matter of Sasso v Osgood, supra; Matter of Rosof v Bailin,* 237 AD2d 612 [1997]). Accordingly, under the facts and circumstances of this case, the Supreme Court erred in granting the petition and annulling the ZBA's determination.

The parties' remaining contentions are without merit. Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.