■ In the Matter of MARK KAMINSKY, Appellant, et al., Petitioner, v VILLAGE OF BRIARCLIFF MANOR, et al., Respondents. [805 NYS2d 631]—In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the Planning Board of the Village of Briarcliff Manor, dated August 12, 2003, which granted site plan/steep slope permit approval for the proposed construction of a single-family house on certain real property owned by Heather B. McVeigh, and an action for a judgment declaring, among other things, that certain restrictive covenants which allegedly limited and restricted construction along Ridgecrest Road are valid, the petitioner Mark Kaminsky appeals from a judgment of the Supreme Court, Westchester

County (DiBella, J.), entered April 23, 2004, which, inter alia, denied the petition and dismissed the proceeding.

Ordered that the judgment is modified, on the law, by adding thereto a decretal paragraph declaring, inter alia, that certain restrictive covenants which allegedly limit and restrict construction along Ridgecrest Road are invalid; as so modified, the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The challenged resolution of the Planning Board of the Village of Briarcliff Manor has a rational basis and is supported by substantial evidence. Accordingly, the Supreme Court properly denied the petition (see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of O'Connell v Knowlton, 21 AD3d 1105 [2005]).

The appellant's remaining contentions are without merit.

Since this is a hybrid proceeding and an action, seeking, inter alia, a declaratory judgment, we modify the judgment by adding thereto a decretal paragraph declaring, among other things, that certain restrictive covenants which allegedly limited and restricted construction along Ridgecrest Road are invalid (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur.