In the Matter of ALEX RIVERO, Respondent, v ROBERT FERRARO, et al., Appellants. [808 NYS2d 111]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Lynbrook, dated October 23, 2003, which, after a hearing, denied the petitioner's application for certain area variances, the appeal is from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated August 2, 2004, which vacated the determination and granted the application.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

In determining whether to grant an area variance, a zoning board of appeals is required by Village Law § 7-712-b (3) to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the

neighborhood or community if the variance is granted (*see Matter of Sasso v Osgood*, 86 NY2d 374 [1995]). The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 307-308 [2002]; *Matter of Easy Home Program v Trotta*, 276 AD2d 553 [2000]).

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig, supra* at 308; *Matter of Sasso v Osgood, supra* at 384; *Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville*, 5 AD3d 496 [2004]). Thus, the determination of a zoning board should be sustained upon judicial review if it had a rational basis, was not arbitrary and capricious, and was supported by substantial evidence (*see Matter of Ifrah v Utschig, supra; Matter of Milburn Homes v Trotta*, 7 AD3d 531 [2004]; *Matter of Gold Mark 35 Assoc. v Town of Somers*, 263 AD2d 483 [1999]).

Under the circumstances of this case, the denial of the petitioner's application by the Board of Zoning Appeals of the Incorporated Village of Lynbrook had a rational basis, was not arbitrary and capricious, and was supported by substantial evidence (*see Matter of Ifrah v Utschig, supra; Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant*, 304 AD2d 575 [2003]). Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.