■ In the Matter of JAMES THOMAS MARTINO et al, Appellants, v BOARD OF ZONING APPEALS OF INCORPORATED VILLAGE OF GREAT NECK PLAZA et al., Respondents. [809 NYS2d 182]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Incorporated Village of Great Neck Plaza, dated January 5, 2004, which denied the petitioners' application for certain area variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Martin, J.), entered September 29, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Broad discretion is vested in local zoning boards in considering applications for area variances, and judicial review is limited to determining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Peconic Shores Dev. v Board of Zoning Appeals of Town of Brookhaven*, 19 AD3d 600, 601 [2005]). A determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768 [2005]; *Matter of CFS Realty Corp. v Board of Zoning Appeals of Town of N. Hempstead*, 7 AD3d 705, 706 [2004]).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Village Law § 7-712-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Matter of CFS Realty Corp. v Board of Zoning Appeals of Town of N. Hempstead, supra* at 705; *cf. Matter of Bianco Homes II v Weiler*, 295 AD2d 506 [2002]). The zoning board must also consider whether (1) granting the area variance will produce an undesirable change in the character of the neighborhood or a detriment to nearby properties, (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) the requested area variance is substantial, (4) granting the proposed variance will have an adverse effect or impact on physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty is self-created (*see* Village Law § 7-712-b [3] [b]; *Matter of Sasso v Osgood, supra*; *cf. Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville*, 5 AD3d 496, 497 [2004]).

Here, contrary to the petitioners' contention, the Board of Zoning Appeals of the Incorporated Village of Great Neck Plaza engaged in the required balancing test and considered the relevant statutory factors. The record indicates that its determina-

tion had a rational basis and was not arbitrary and capricious (*see Matter of Sasso v Osgood, supra; Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra* at 614; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308-309 [2002]; *Matter of Halperin v City of New Rochelle, supra; Matter of Peconic Shores Dev. v Board of Zoning Appeals of the Town of Brookhaven, supra*). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The petitioners' remaining contentions are without merit. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.