■ In the Matter of ARTURO PASCERI et al., Appellants, v MAURO GABRIELE et al., Respondents. [815 NYS2d 218]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Mamaroneck, dated August 26, 2004, which granted the respondent David Rodriguez's application for an area variance, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Molea, J.), entered December 21, 2004, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The respondent David Rodriguez owns premises located in the Village of Mamaroneck in Westchester. Rodriguez applied to the village Building Department for a permit to relocate a garden shed to within 2 feet of neighboring property. The Building Department issued a notice of disapproval as the village Zoning Code required a minimum setback of six feet. After conducting a public hearing, the respondent Zoning Board of Appeals of the Village of Mamaroneck (hereinafter the ZBA) granted the requested area variance. Thereafter, the petitioners instituted a proceeding pursuant to CPLR article 78 to annul the ZBA's determination. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

Local zoning boards are vested with broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304 [2002]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza*, 26 AD3d 382 [2006]; *Matter of Peconic Shores Dev. v Board of Zoning Appeals of Town of Brookhaven*, 19 AD3d 600, 601 [2005]). A determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza, supra; Matter of Halperin v City of New*

*Rochelle,* 24 AD3d 768 [2005]; *Matter of CFS Realty Corp. v Board of Zoning Appeals of Town of N. Hempstead,* 7 AD3d 705, 706 [2004]).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Village Law § 7-712-b [3] [b]; *Matter of Sasso v Osgood, supra; Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza, supra; Matter of CFS Realty Corp. v Board of Zoning Appeals of Town of N. Hempstead, supra; Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville,* 5 AD3d 496 [2004]; *Matter of Scimone v Humenik,* 1 AD3d 370 [2003]). The zoning board must also consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties if the area variance is granted, (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on physical or environmental conditions in the neighborhood or district if it is granted, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3] [b]; *Matter of Sasso v Osgood, supra; Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza, supra*).

The ZBA engaged in the required balancing test and considered the relevant statutory factors, and its determination to grant the area variance had a rational basis and was not arbitrary and capricious (*see Matter of Sasso v Osgood, supra; Matter of Pecoraro v Board of Appeals of Town of Hempstead, supra; Matter of Ifrah v Utschig, supra* at 308-309; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza, supra; Matter of Halperin v City of New Rochelle, supra; Matter of Peconic Shores Dev. v Board of Zoning Appeals of Town of Brookhaven, supra*). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Schmidt, J.P., Krausman, Mastro and Covello, JJ., concur.