■ In the Matter of RONALD BERK et al., Appellants, v RICHARD McMAHON et al., Respondents. [814 NYS2d 753]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of the Village of Southampton dated November 20, 2003, which, after a hearing, denied the petitioners' application for a wetlands special permit and certain area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated November 29, 2004, which confirmed the determination, denied the petition, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In determining whether to grant an area variance, the respondent Zoning Board of the Village of Southampton (hereinafter the Board) is required by Village Law § 7-712-b (3) to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see Matter of Sasso v Osgood,* 86 NY2d 374 [1995]). The Board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the ap-

plicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3]; *Matter of Stone Landing Corp. v Board of Appeals of Vil. of Amityville,* 5 AD3d 496, 497 [2004]).

The Board has broad discretion in considering applications for variances, and it is well settled that judicial review is limited to determining whether the action taken by the Board "was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; *see Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]). Insofar as is relevant to this appeal, the Board's determination must be confirmed if it has some objective factual basis in the record, as opposed to resting entirely on subjective considerations (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Halperin v City of New Rochelle, supra*).

Applying these principles, we find, as did the Supreme Court, that the Board's determination in this case meets this standard (*see Matter of Corigliano v Zoning Bd. of Appeals of City of New Rochelle,* 18 AD3d 750 [2005]; *Matter of CFS Realty Corp. v Board of Zoning Appeals of Town of N. Hempstead,* 7 AD3d 705 [2004]). Contrary to the petitioners' contentions, the Board engaged in the required balancing test, considered the relevant statutory factors, and its determination has a rational basis and was neither arbitrary nor capricious (*see Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza,* 26 AD3d 382 [2006]; *Matter of O'Connell v Knowlton,* 21 AD3d 1105 [2005]).

Moreover, the fact that the petitioners were denied a variance whereas one prior applicant had been granted a concededly similar variance in 1999 does not, in itself, establish that the Board's determination was arbitrary or motivated by a discriminatory intent (*see Matter of Cowan v Kern,* 41 NY2d 591, 594-595 [1977]). Where, as here, the Board provides a rational explanation for reaching a different result on similar facts, the determination will not be viewed as either arbitrary or capricious (*see Knight v Amelkin,* 150 AD2d 528, 529-530 [1989]; *see generally Matter of Charles A. Field Delivery Serv. [Roberts],* 66 NY2d 516, 518-520 [1985]). Ritter, J.P., Luciano, Fisher and Lifson, JJ., concur.