■ In the Matter of Maurice Mann, Appellant, v Zoning Board of Appeals of the Town of East Hampton et al., Respondents. [825 NYS2d 91]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton, dated July 27, 2004, which denied the petitioner's application for an area variance and a natural resources special permit, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), entered May 3, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Local zoning boards are vested with broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the zoning board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Pasceri v Gabriele,* 29 AD3d 805 [2006]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza,* 26 AD3d 382, 383 [2006]; *Matter of Peconic Shores Dev. v Board of Zoning Appeals of Town of Brookhaven,* 19 AD3d 600, 601 [2005]). A determination of a zoning board should be sustained if it was not illegal and has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Pasceri v Gabriele, supra; Matter of Martino v Board of Zoning Appeals, supra; Matter of Halperin v City of New Rochelle,* 24 AD3d 768 [2005]).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community

(*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood, supra; Matter of Pasceri v Gabriele, supra; Matter of Martino v Board of Zoning Appeals, supra*). The zoning board must also consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties if the area variance is granted, (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district if the variance is granted, and (5) whether the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]).

Contrary to the petitioner's contention, the denial of his application for a 31-foot area variance to locate a sanitary system 119 feet from wetlands where a 150-foot setback was required was not illegal, had a rational basis, and was not arbitrary and capricious (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood, supra; Matter of Pecoraro v Board of Appeals, supra; Matter of Ifrah v Utschig, supra* at 308-309; *Matter of Martino v Board of Zoning Appeals, supra; Matter of Halperin v City of New Rochelle, supra; Matter of Peconic Shores Dev. v Board of Zoning Appeals, supra*).

The petitioner's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Adams, J.P., Skelos, Fisher and Covello, JJ., concur.