In the Matter of ADAM J. FILIPOWSKI et al., Appellants, v ZONING BOARD OF APPEALS OF VILLAGE OF GREENWOOD LAKE, Respondent, et al., Respondent. [832 NYS2d 578]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Greenwood Lake dated November 18, 2004, which, after a hearing, denied the petitioners' application for several area vari-

ances, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Horowitz, J.), dated November 30, 2005, as denied the petition and dismissed the proceeding as to two of those area variances.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul the denial of the application for a variance from the minimum lot size requirement for proposed lot one and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Zoning Board of Appeals of the Village of Greenwood Lake for further proceedings in accordance herewith.

"In determining whether to grant an area variance, a zoning board of appeals is required by Village Law § 7-712-b (3) to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted" (*Matter of Rivero v Ferraro*, 23 AD3d 479, 479-480 [2005]; *see Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Matter of Berk v McMahon*, 29 AD3d 902, 902 [2006]). "The zoning board is also required to consider whether (1) an undesirable change will be produced in the character of the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created" (*Matter of Rivero v Ferraro, supra* at 480; *see* Village Law § 7-712-b [3]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 307-308 [2002]; *Matter of Berk v McMahon, supra* at 902-903).

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (*Matter of Rivero v Ferraro, supra* at 480; *see Matter of Ifrah v Utschig, supra* at 308; *Matter of Sasso v Osgood, supra* at 384; *Matter of Berk v McMahon, supra* at 903). "Thus, the determination of a zoning board should be sustained upon judicial review if it had a rational basis, [and] was not arbitrary and capricious" (*Matter of Rivero v Ferraro, supra* at 480; *see Matter of Ifrah v Utschig, supra*).

Contrary to the petitioners' contentions, in denying their ap-

plication for a variance from Village of Greenwood Lake Zoning Code § 120-18 (C) (2) to permit them to build on slopes in excess of 25%, the Zoning Board of Appeals of the Village of Greenwood Lake engaged in the required balancing test and considered the relevant statutory factors, and its determination had a rational basis and was not arbitrary or capricious (*see* Village Law § 7-712-b [3]; *Matter of Berk v McMahon, supra* at 903; *Matter of Rivero v Ferraro, supra* at 480; *see also Matter of Ifrah v Utschig, supra; Matter of Sasso v Osgood, supra; Matter of Pasceri v Gabriele,* 29 AD3d 805, 806 [2006]; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza,* 26 AD3d 382, 383-384 [2006]).

With regard to the variance pertaining to the minimum lot size requirement for proposed lot one, although the evidence established that the variance sought was substantial, there was little, if any, evidence presented to demonstrate that granting the variance would have an undesirable effect on the character of the neighborhood, adversely impact on physical and environmental conditions, or otherwise result in a detriment to the health, safety, and welfare of the neighborhood or community (*see Matter of Beyond Bldrs. Inc. v Pigott,* 20 AD3d 474, 475 [2005]; *Matter of Crystal Pond Homes v Prior,* 305 AD2d 595, 596 [2003]). Therefore, the denial of this variance was arbitrary and capricious (*see Matter of Beyond Bldrs., Inc. v Pigott, supra* at 475; *Matter of Crystal Pond Homes v Prior, supra* at 596).

The petitioners failed to establish that the application of Village of Greenwood Lake Zoning Code § 120-18 (C) (2) to their property constituted an unconstitutional taking without compensation (*see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington,* 87 NY2d 344, 352 [1996]; *see also Matter of Mangan v Cianciulli,* 19 AD3d 598, 599 [2005]; *Matter of Milburn Homes v Trotta,* 7 AD3d 531, 532 [2004]; *Matter of Allt v Zoning Bd. of Appeals of Town of Hyde Park,* 255 AD2d 311, 312 [1998]).

The petitioners' remaining contentions are not properly before this Court or are without merit. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.