■ In the Matter of DANIEL KRAUT et al., Respondents, v BOARD OF APPEALS OF VILLAGE OF SCARSDALE, Appellant. [841 NYS2d 369]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Scarsdale dated March 9, 2005, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (DiBella, J.), entered December 15, 2005, which granted the petition and annulled the determination.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied and the proceeding dismissed on the merits.

In determining whether to grant an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Village Law § 7-712-b [3] [b]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza*, 26 AD3d 382 [2006]). The zoning board must also consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district if it is granted, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3] [b]; *Matter of Sasso v Osgood, supra*; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza, supra*).

Here, the Board of Appeals of the Village of Scarsdale engaged in the required balancing test and considered the relevant statutory factors. Contrary to the petitioners' contentions, the denial of the application for an area variance had a rational basis and was not arbitrary or capricious. The requested variance was substantial and, because of the location of the subject real property, the variance would have had a detrimental effect on the character of the neighborhood. Moreover, the alleged difficulty was self-created (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]; *Matter of Corigliano v Zoning Bd. of Appeals of City of New Rochelle*, 18 AD3d 750 [2005]; *Matter of DeJosia v Trotta*, 11 AD3d 534 [2004]). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.