In the Matter of LAWRENCE ENISMAN et al., Appellants, v TOWN OF POUGHKEEPSIE ZONING BOARD OF APPEALS et al., Respondents. [855 NYS2d 623]—In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Poughkeepsie Zoning Board of Appeals, dated November 15, 2006, and revised findings dated December 11, 2006, which, after a hearing, granted the application of Geraldine Dooley-Rifenburgh for an area variance, the petitioners appeal from an order and judg-

ment (one paper) of the Supreme Court, Dutchess County (Brands, J.), dated April 3, 2007, which granted the motion of the Town of Poughkeepsie Zoning Board of Appeals to dismiss the proceeding, and, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

The petitioners' contention that the Town of Poughkeepsie Zoning Board of Appeals (hereinafter the ZBA) should have held a further hearing prior to adopting revised findings is without merit (*see Matter of Il Classico Rest. v Colin,* 254 AD2d 418 [1998]; *cf. Matter of Hampshire Mgt. Co. v Nadel,* 241 AD2d 496 [1997]).

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770 [2005]). Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Pasceri v Gabriele,* 29 AD3d 805, 806 [2006]).

Here, in determining whether to grant the area variance, the ZBA engaged in the appropriate balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted, and properly focused on the five statutory factors enumerated in Town Law § 267-b (3) (b) (*see Matter of Ifrah v Utschig,* 98 NY2d 304 [2002]; *Matter of Aliperti v Trotta,* 35 AD3d 854 [2006]). The record indicates that the ZBA's determination to grant the variance has a rational basis and was not arbitrary, capricious or an abuse of discretion (*see Matter of Gonzalez v Zoning Bd. of Appeals of Town of Putnam Val.,* 3 AD3d 496, 497 [2004]; *Matter of Easy Home Program v Trotta,* 276 AD2d 553 [2000]). The Supreme Court therefore properly granted the ZBA's motion to dismiss the proceeding and, in effect, denied the petition and dismissed the proceeding.

The parties' remaining contentions are without merit. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.