■ In the Matter of BENJAMIN SALZANO et al., Appellants, v ZONING BOARD OF TOWN OF WALLKILL, Respondent. [880 NYS2d 518]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Wallkill dated August 13, 2007, which, after a hearing, denied the petitioners' application for an area variance, the petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Slobod, J.), dated December 26, 2007, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). Thus, the determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Enisman v Town of Poughkeepsie Zoning Bd. of Appeals,* 50 AD3d 793, 794 [2008]).

Here, the record reveals that the Zoning Board of Appeals of the Town of Wallkill weighed the relevant statutory factors (*see* Town Law § 267-b [3] [b]) and that its determination, including its findings that the requested variance would produce an undesirable change in the character of the neighborhood, that the requested variance was substantial, and that the petitioners' alleged difficulty was self-created, had a rational basis and was not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 614-615 [2004]; *Matter of Bull Run Props., LLC v Town of Cornwall Zoning Bd. of Appeals,* 50 AD3d 683, 685 [2008]; *Matter of Pietrzak & Pfau Assoc., LLC v Zoning Bd. of Appeals of Town of Wallkill,* 34 AD3d 818, 819 [2006]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.