■ In the Matter of. BRIAN HURLEY, Appellant, v ZONING BOARD OF APPEALS OF VILLAGE OF AMITYVILLE, Respondent. [893 NYS2d 277]—

There is no merit to the contention of the Zoning Board of Appeals of the Village of Amityville (hereinafter ZBA) that this proceeding is barred by collateral estoppel or res judicata based on its prior unchallenged denial of an application by the petitioner for area variances. A zoning board can entertain a new application when revised plans materially change the aspects of a case (*see Matter of Pettit v Board of Appeals of Town of Islip*, 160 AD2d 1006, 1007 [1990]; *Matter of Freeman v Town of Ithaca Zoning Bd. of Appeals*, 61 AD2d 1070 [1978]). Here, the ZBA determined, as supported by the record, that there were significant changes in the petitioner's new application. Under the circumstances, the proceeding is not barred by collateral estoppel or res judicata.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Gallo v Rosell*, 52 AD3d 514, 515 [2008]). Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Gallo v Rosell*, 52 AD3d at 515).

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Village Law § 7-712-b [3] [b]; *see also Matter of Tsunis v Zoning Bd. of Appeals of Inc. Vil. of Poquott*, 59 AD3d 726, 727 [2009]; *Matter of Gallo v Rosell*, 52 AD3d at 515). The zoning board must also consider whether: (1) an undesirable change will be produced in the character of

the neighborhood, or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some other method, other than an area variance, feasible for the applicant to pursue, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district, and (5) the alleged difficulty was self-created (*see* Village Law § 7-712-b [3] [b]; *see also Matter of Gallo v Rosell*, 52 AD3d at 515).

Here, the record reveals that the ZBA weighed the relevant statutory factors, and that its determination was rational, and was not arbitrary or capricious or an abuse of discretion. The ZBA's determination was not arbitrary or capricious despite its adoption of a negative declaration pursuant to the State Environmental Quality Review Act. An application may be denied even in the absence of physical or environmental harm to the neighborhood (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 615 [2004]).

The fact that the ZBA previously had approved a similar application for a nearby property does not, in itself, establish that the ZBA's determination was arbitrary or capricious. Where, as here, the ZBA "provides a rational explanation for reaching a different result on similar facts, the determination will not be viewed as either arbitrary or capricious" (*Matter of Berk v McMahon*, 29 AD3d 902, 903 [2006]; *see Matter of Waidler v Young*, 63 AD3d 953 [2009]; *Knight v Amelkin*, 150 AD2d 528, 529 [1989]). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.