■ In the Matter of Estate of Phyllis Gravino, Deceased, Appellant, v Thomas Young et al., Respondents. [904 NYS2d 667]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon dated September 11, 2008, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Spinner, J.), dated July 27, 2009, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"Local zoning boards have broad discretion in considering applications for area variances" (*Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62, 67 [2009]; *see Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead*, 2 NY3d 769 [2004]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]; *Matter of Hurley v Zoning Bd. of Appeals of Vil. of Amityville*, 69 AD3d 940 [2010]; *Matter of Salzano v Zoning Bd. of Town of Wallkill*, 63 AD3d 850 [2009]). Judicial review is limited to determining whether the action taken by the board is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Aliano v Oliva*, 72 AD3d 944 [2010]; *Matter of Hurley v Zoning Bd. of Appeals of Vil. of Amityville*, 69 AD3d 940 [2010]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62 [2009]; *Matter of Salzano v Zoning Bd. of Town of Wallkill*, 63 AD3d 850 [2009]). A zoning board's determination shall be upheld if it is rational and not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384-385 [1995]; *Matter of Aliano v Oliva*, 72 AD3d 944 [2010]; *Matter of Hurley v Zoning Bd. of Appeals of Vil. of Amityville*, 69 AD3d 940 [2010]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62 [2009]; *Matter of Salzano v Zoning Bd. of Town of Wallkill*, 63 AD3d 850 [2009]; *Matter of Bassano v Town of Carmel Zoning Bd. of Appeals*, 56 AD3d 665 [2008]; *Matter of Kaufman v Incorporated Vil. of Kings Point*, 52 AD3d 604, 608 [2008]; *Matter of Enisman v Town of Poughkeepsie Zoning Bd. of Appeals*, 50 AD3d 793 [2008]).

Here, the record reveals that the Zoning Board of Appeals of the Town of Babylon (hereinafter the ZBA) weighed the relevant statutory factors (*see* Town Law § 267-b [3] [b]). It found that the requested variances would have an adverse impact on the surrounding neighborhood and that the petitioner's alleged difficulty was self-created, given that the petitioner's sole beneficiary also owned the neighboring 4,000 square-foot lot. The determination had a rational basis and was not arbitrary and

capricious (*see Matter of Hurley v Zoning Bd. of Appeals of Vil. of Amityville*, 69 AD3d 940 [2010]; *Matter of Salzano v Zoning Bd. of Town of Wallkill*, 63 AD3d 850 [2009]; *Matter of Enisman v Town of Poughkeepsie Zoning Bd. of Appeals*, 50 AD3d 793 [2008]). Moreover, the petitioner failed to establish that in essentially similar situations, the ZBA had granted variances to others (*see Matter of Crilly v Karl*, 67 AD3d 793 [2009]). Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.